# United States Court of Appeals
## For the First Circuit

Nos. 17-1732, 17-1733

UNITED STATES OF AMERICA,

Appellee,

v.

RASHEED ABIODUN AKANNI,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Jamesa J. Drake and Drake Law LLC on brief for appellant.
Donald C. Lockhart, Assistant United States Attorney, and
Stephen G. Dambruch, United States Attorney, on brief for appellee.

May 18, 2018

**LYNCH**, <u>**Circuit Judge**</u>.  Rasheed Abiodun Akanni challenges the sufficiency of the evidence supporting his conviction for marriage fraud in violation of 8 U.S.C. § 1325(c), which prohibits "knowingly enter[ing] into a marriage for the purpose of evading any provision of the immigration laws."  He does not challenge his felony convictions for making false statements to immigration officials.  We affirm.[1]

The evidence presented at Akanni's bench trial included the following facts.  A citizen of Nigeria, Akanni entered the United States in 2003 on a six-month visa.  In 2005, two weeks after he was arrested for overstaying his visa, he married an American citizen.  Akanni applied for permanent resident status on the basis of that marriage.  In 2009, his application was denied after his then-wife withdrew her supporting petition, and the two divorced.

A year later, Akanni applied for asylum.  In February 2013, two months before his asylum application was denied, Akanni married Terri Allen, another American citizen whom he had met a couple of months earlier.  They had separate apartments.  Akanni never informed Allen before their marriage that he was subject to

---

[1]     The government reports that Akanni completed his one-year prison term on January 29, 2018 and was deported to Nigeria on March 27, 2018, but assumes arguendo that these appeals are not moot because of unspecified potential collateral consequences of the conviction and a $100 special assessment that would be vacated were Akanni to prevail on appeal.

deportation. When, in May 2013, Allen moved into a new apartment that she intended to be the marital abode, Akanni deposited some of his clothes there and spent only three or four nights a week there. He purported to be at a "friend's house" or at "work" during the remainder of the week. Unbeknownst to Allen, another woman, Olufunke Babatunde, with whom Akanni would later have a child, was living with him in his apartment and had been since 2011. Allen soon suspected Akanni of infidelity, and the two separated within a few months.

Notwithstanding the separation, Akanni again applied for permanent resident status in November 2013, and Allen, fearing he would be deported, acquiesced in his request that she file a supporting petition and pretend that their marriage was still intact. In separate interviews before an immigration officer in September 2014, Akanni and Allen falsely stated under oath that they still resided together (when they had not for a year), and gave various inconsistent answers on other matters. The immigration officer referred Akanni and Allen's case to his department's fraud unit.

In May 2015, immigration officers, following up on that referral, visited the purported couple's purported marital abode. There, they met with and interviewed Allen. Allen informed them that she and Akanni were separated, and she then took the opportunity to withdraw her petition supporting his application

- 3 -

for permanent residency. Allen also told the officers that the last time she had heard from Akanni -- by phone, "a while ago" -- he had said that he was traveling out-of-state. That same day, the officers confronted Akanni at his apartment, the mailbox for which listed the names "Akanni" and "Babatunde." Under oath, Akanni falsely stated both orally and in writing that he was still residing with Allen, that Babatunde was his sister, and that he was staying with Babatunde because of a fight he had had with Allen just "yesterday." He also admitted that he had adopted a friend's name as an alias and used the friend's social security and identity cards to obtain employment.

Akanni was charged with the crimes of making multiple false statements to immigration officials and engaging in marriage fraud to evade the immigration laws. On the day set for his trial, he attempted to flee to Canada. He was detained the following morning by border patrol officials after he was caught trying to use another person's U.S. passport to cross the border.

In resolving Akanni's sufficiency-of-the-evidence challenge, "[w]e draw all reasonable evidentiary inferences in harmony with the verdict and resolve all issues of credibility in the light most favorable to the government." United States v. Grace, 367 F.3d 29, 34 (1st Cir. 2004) (quoting United States v. Casas, 356 F.3d 104, 126 (1st Cir. 2004)). We ask only whether "a rational trier of fact could have found [guilt] beyond a reasonable

- 4 -

doubt." <u>United States</u> v. <u>Dunston</u>, 851 F.3d 91, 98 (1st Cir. 2017). Considered in its totality, the evidence presented in this case amply supported the district court's "absolute[] conclu[sion]" that Akanni duped Allen into marrying him in order to avoid deportation. Akanni's appellate brief would have us repeatedly draw implausible exculpatory inferences from a series of facts that overwhelmingly establish his deceitfulness and culpability. That we cannot do.

Akanni also argues for the first time on appeal that a § 1325 marriage fraud conviction requires findings that the defendant lacked an intent to "establish a life" with his spouse and that the defendant's "sole purpose" in getting married was to evade the immigration laws. The government asks us to reject both the "establish a life" and the "sole purpose" tests. We leave these issues for another day. On the facts presented, drawing all reasonable evidentiary inferences and credibility assessments in the government's favor, the trier of fact could reasonably have concluded that Akanni harbored no intent to establish a life with Allen and instead married her solely to avoid deportation.

<u>Affirmed</u>.